Robert G. Campbell, appellant, and A. O. Zabriskie, Administrator of Robert Campbell, deceased, respondent.

An objection for want of parties may be taken at the final hearing.

An accounting party, in a suit in equity for the settlement of an account in which he is interested, cannot be heard as ¯a witness to prove the payment of his legal liabilities.

If, on a bill for an account, the Court, upon the evidence, is satisfied that nothing is due the complainant, no order to account should be made.

The proceedings in this case in the Court of Chancery are reported *ante*, page 356.

*A. Whitehead* and *W. L. Dayton* for the appellant.

*Zabriskie* and *W. Pennington* for the respondent.

The opinion of the Court was delivered by Chief Justice Green.

Green, C. J. By a deed of assignment bearing date on the 7th of July, 1834, George G. Campbell conveyed to Robert Campbell certain real and personal estate in trust to pay the indebtedness of the grantor to the grantee, and then certain other debts of the grantor in a specified order of priority. Robert Campbell, the trustee, having sold and conveyed the trust estate, died intestate on the 5th of July, 1846. George G. Campbell, the grantor in the trust deed, who claimed an interest in the trust fund, by virtue of a resulting trust, assigned his interest to the complainant. The complainant filed this bill for an account of the trust and for the recovery of his interest in the trust fund under the assignment. The bill is filed by the assignee of the *cestui que trust*, against the administrator of the trustee, and they are the only parties to the suit. Upon final hearing on bill answer and proofs, the Chancellor dismissed the bill, upon the

ground, as appears by the decree, that the complainant was not entitled to the relief sought and prayed for by him in his bill of complaint.

From that decree the complainant appealed.    The only question before this Court is whether the complainant is entitled to that relief.

Several questions of much importance have been raised and ably discussed by Counsel, for the proper examination of which the limited time at the disposal of the Court (as the case must be settled at the present term) affords no opportunity.   If the case necessarily rested upon those points, I should not feel prepared now to express an opinion.   But their determination is, I believe, not necessary to the proper settlement of the rights of the parties.

In the investigation of this case it will be assumed that George G. Campbell had an assignable interest in the trust fund, which passed by the assignment to the complainant, and which he has a right in a court of equity to enforce.   I say these propositions will be *assumed* as true, for the purpose of investigating other points in the case.

The first purpose to which the trust fund is to be applied is to pay off and discharge certain bonds, notes and legal liabilities of George G. Campbell to Robert Campbell, the trustee.    There existed, then, between George G. Campbell and Robert Campbell, not only the relation of *cestui que trust* and trustee, but also the relation of debtor and creditor.   He owed Robert Campbell a large sum of money, and until that indebtedness was satisfied, there is no resulting trust and no trust fund to which George G. Campbell could be entitled or which he could pass by assignment.   Hence it becomes a leading controlling question, lying at the very foundation of this cause, whether George G. Campbell has discharged his bonds, notes and other legal liabilities to Robert Campbell.   It is not at all a question between trustee and *cestui que trust*.   It is simply a question between George G. Campbell and Robert Campbell, or debtor and creditor, whether George G. had or had not paid off his bonds and obligations.   That controversy is attempted to be settled in a suit

to which George G. Campbell is not a party, and he is called as a witness to prove that he has paid off his own bonds and notes, and extinguished his legal liabilities. Admitting the jurisdiction of a court of equity, I take it to be perfectly clear (1) that no decree can be made in the cause unless George G. Campbell be a party to the suit, and (2) that he is an utterly incompetent witness to prove that his legal liabilities are extinguished.

1. No decree can be made unless George G. Campbell be a party to the suit. It was said upon the argument that the assignor is not a necessary party if he be examined and testify that he is divested of all interest in the trust fund. That is undoubtedly true, but the necessity of his being a party in the case results, not from his interest as a *cestui que trust* in the resulting trust fund, but from the fact that he was Robert Campbell's debtor, and that the great object of the suit was to settle a private account, independent of the trust, between himself and Robert Campbell. In that controversy he and Robert Campbell are alone the persons immediately and directly interested. By the assignment George G. Campbell was not discharged from the obligation to pay his bonds and notes. Nor did his assignee become liable to pay them. Nothing passed by the assignment to the complainant but a simple interest in the balance after the account between George and Robert Campbell is settled. If on taking the account it should appear that there was a balance due from Robert Campbell, his estate would be bound. But if on the other hand it should appear that there was a balance due upon that account from George to Robert, what relief under this bill would the administrator have? No decree could be made against the complainant to pay it. He is not bound to pay George G. Campbell's debt. No decree can be made against George G. Campbell. He is not a party to the suit. No decree can be made in favor of the administrator if the balance should be in his favor. Now it is a universal rule in equity that upon a bill for an account, the party against whom the balance is found will be decreed to pay it. Sometimes that order is contained in the original decree for the account. Sometimes, and usually in modern practice, it is not made till the account is taken and the

final decree made, but it forms an essential part of the relief upon the bill. *Seaton's Decree* 42, 43.

And not only can the administrator have no execution or decree in Chancery to enforce the payment of the balance found due, but if he sue at law upon his bond or note, the decree will be no evidence to establish George G. Campbell's liability, because he was no party to the suit in equity. And no man is bound by a decree in a cause in which he is not a party. If then a decree can be made in this cause in favor of the complainant, it will present the extraordinary anomaly of a creditor having claims to the amount of at least $5,000, which may be recovered in a court of law, being called into a court of equity and his claims extinguished by a decree in a cause to which his debtor is no party, and who is not bound by the decree, and that result produced by the evidence of the debtor himself.

An objection for want of proper parties may always be taken advantage of at the final hearing, and so, it may be observed in passing, may a want of equity in the complainant's bill. It seemed to be assumed upon the argument, that the objection for want of title in the complainant or other want of equity in the bill must be taken by demurrer. " By a demurrer," says Lord Riverdale, " the defendant demands the judgment of the court, whether he shall be compelled to answer the complainant's bill or not. By an answer he controverts the case stated by the plaintiff, or, admitting the case made by the bill, submits to the judgment of the court upon *it*, or upon a new case made by the answer, *or both.*" Upon an answer then the complainant is entitled to the opinion of the Court upon the case made by the bill, as well as the case made by the answer, upon both or either. And it is not an unusual thing in practice for an answer in equity to conclude by the defendant's insisting that there is no equity in the complainant's bill and putting himself upon the judgment of the Court respecting it. The practice rests upon sound policy. A demurrer admits the truth of the charges in the bill. A bill addresses itself to the conscience of the defendant, and when a bill contains charges of fraud or of other immorality implicating the character of the defendant, an upright man would forego his

legal rights rather than avail himself of a legal objection which, if successful, would deprive him of all opportunity of relieving his character by a denial of the charges.

If, then, the decree of the Chancellor rested upon this ground alone, I should have great difficulty in reversing his decree. The utmost that this Court could do would be to reverse the decree and send the cause back to the Court of Chancery to have the bill amended and the proper parties brought before the Court. But the decree of the Chancellor does not appear to have rested upon this ground. If this had been his only difficulty we may presume that he would have permitted the bill to be amended and the proper parties brought before the Court. His decree was based upon the ground that the complainant was not entitled to relief. From that decree the appeal is taken, and as the case has been fully heard and discussed upon the merits, it is desirable for both parties that it should, if possible, be finally decided.

What has been said in regard to the relation of the parties, the object of enquiry in this cause, is still relevant as bearing upon the competency of George G. Campbell as a witness. It may be added upon this point, that George G. Campbell is directly interested in the event of this suit. Not in the surplus it is true. That he has assigned, but as a debtor he is interested in having his legal liabilities to Robert Campbell cancelled. If the decree be for the complainant it would be conclusive against Robert Campbell's Administrator, and would be so in an action at law brought by him to recover against George G. Campbell upon his obligations to Robert Campbell. The utmost that can be asked in favor of George G. Campbell's testimony is that it should be received so far and no further and be entitled to as much weight, and no more, as the evidence of an accounting party, who is himself a party to a suit in equity, for the settlement of an account in which he is interested.

Now such a party can never be heard to prove the payment of his legal liabilities. The object of the examination of the party is to discover facts peculiarly within his own knowledge. He is made a witness at the instance of the adverse party, and he is

never permitted, even upon a cross-examination, to go out of the facts to which he has been examined by the adversary, and make evidence for himself.   This is the settled rule in this State, and was so held by the Chancellor in Jackson *v.* Jackson's Executors.   1 *Green Ch.* 96.   Then the evidence of George G. Campbell that he had paid off his bonds and indebtedness to Robert Campbell is utterly incompetent, and must be laid entirely out of view.   His evidence upon other points may be available, at least to his adversary.

Is the complainant, then, upon the evidence, entitled to the relief sought?   The complainant asks, first, an account, and secondly, that the balance due him should be decreed to be paid. The object of the suit is to recover the balance due.   The object of the account is to ascertain the amount of the balance. But if the Court be satisfied that there is nothing due, no account will be decreed.   The Chancellor must first be satisfied that the complainant is entitled to have an account taken.   If he be satisfied upon that point the practice is to refer it to a Master to state the details of the account, and ascertain the balance.   But the Chancellor may, if he see fit, take the account himself.   In this case, however, I understand the Chancellor to say that the complainant is upon the evidence not entitled to an account.   He not only may, but ought to refuse an account, if he be satisfied upon the evidence that nothing is due the complainant, or that for any cause an account ought not to be decreed.   If there had been offered in evidence a paper writing of George G. Campbell acknowledging that nothing was due from his uncle Robert, surely no account is necessary.   Now the Chancellor does not, as has been insisted, arrive at his conclusion by examining the account, and then refusing an account.   He arrives at his conclusion by evidence independent of the account.   In that conclusion I think he is fully sustained by the evidence.   I think the evidence shows satisfactorily that nothing whatever was due from Robert Campbell to George G. Campbell by virtue of the trust. It is not my purpose to examine the evidence in detail.   It has been elaborately discussed by counsel, and is fresh in the recollection of the members of the Court.

Being satisfied from the evidence that nothing was due to George G. Campbell from Robert Campbell at the time of his death, and that the complainant is not entitled to an account, I am of opinion that the decree of the Chancellor was right and ought to be affirmed, but without costs.

Justices CARPENTER, RANDOLPH and OGDEN, and Judges SCHENCK, RISLEY, PORTER, WILLS and CORNELISON concurred.

Justice NEVIUS and Judge VALENTINE dissented.

Decree affirmed.